EMMA CLARK, Appellant, v. KANSAS CITY, ST. LOUIS & CHICAGO RAILROAD COMPANY et al., Respondents.

Kansas City Court of Appeals, March 6, 1911.

CARRIERS OF PASSENGERS: Death of Child: Statutory Rights of Parents: Refusal of Husband to Join. The plaintiff's divorced husband executed a release to the defendant railroad company for his claim for damages for the death of their child, caused by the railroad's negligence, and refused to join with his wife in the action. Plaintiff then made her husband a party defendant, alleging as the reason therefor her husband's settlement with the defendant railroad. *Held,* that the provisions of section 2864, R. S. 1889, that "the father and mother" have a cause of action, and "may join in the suit,"

being in derogation of the common law, must be strictly construed, and that the language of the statute excluded the thought that either parent may have or prosecute a cause except in conjunction with the other, whatever may be the motive that actuates one of the parents in refusing to join as a party plaintiff. Hence, defendant's demurrer to the petition was rightly sustained.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

*L. A. Laughlin* for appellant.

*Scarritt, Scarritt & Jones* for respondents.

JOHNSON, J.—After plaintiff in Clark v. Railroad, 219 Mo. 524, suffered defeat in the Supreme Court, she refiled her suit in the circuit court of Jackson county. In substance the new petition was the same as that considered by the Supreme Court, with the following exceptions:

First, instead of attempting to make her divorced husband a party plaintiff against his will, she made him a defendant along with the railroad company and, second, she added as a new matter the allegation that her divorced husband "has settled and released defendant for his claim for damages for the wrongful death of said Charles Ritter and refuses to join with plaintiff in the suit and, therefore, is made a defendant herein."

The defendant railroad company demurred to this petition on the grounds, among others: "1. Because there is a defect of parties plaintiff. 2. Because there is an improper and illegal joinder of parties defendant. 3. Because the plaintiff, Emma Clark, alone under the statutes of Missouri, cannot maintain this suit as plaintiff. 4. Because the petition does not state facts sufficient to constitute a cause of action against this defendant."

The court sustained the demurrer, plaintiff refused to plead further, judgment was rendered for defendant and plaintiff appealed.

It appears that plaintiff was encouraged to renew her efforts to circumvent the hard letter of the law by what was said by LAMM, J., in the following paragraph of this opinion filed in the former case (p. 537):

"It is argued by appellant's counsel that Thomas Ritter settled with defendant, hence his refusal to join. We are cited to cases elsewhere holding that one of two persons entitled to jointly share in a statutory penalty, or who are jointly interested in the proceeds of a judgment based on such statute, may not execute a release barring the other. We doubt not that such doctrine is good law in this jurisdiction. But, at the outset, it is well to keep the case within the channel marked out in the petition. There is no allegation that Thomas settled with defendant or executed a release. Therefore, that phase of appellant's brief must be taken as coloring matter, used *arguendo* by way of hypothesis."

Considered in the light of the context, that paragraph does not support the contention of plaintiff that she is entitled to prosecute the action as the sole plaintiff, because her divorced husband will not join her, having made his peace with the railroad company. We concede, *arguendo*, as did Judge LAMM, "that one of two persons entitled to jointly share in a statutory penalty, or who are jointly interested in the proceeds of a judgment based on such statute, may not execute a release barring the other." But this concession still leaves plaintiff in the predicament of attempting to go it alone when the law, senselessly enough, insists that she be yoked with her whilom spouse from whom she parted company for the reason that with him as a mate the yoke was too galling.

The common law afforded the parents of the deceased child no cause of action for the negligence of the

defendant railroad company that caused his death. The cause asserted by plaintiff is founded on section 2864, Revised Statutes 1899, which provides "if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor."

Our understanding of the opinion of Judge LAMM is that this statute being in derogation of the common law must be strictly construed; that rights must not be deduced from it by the courts the creation of which is not to be found in the plain letter of the statute, and that since the statute says "the father and mother" will have a cause of action and "may join in the suit" the language excludes the thought that either may have or may prosecute a cause except in conjunction with the other. Whatever may be the motive that actuates one of the parents of the child to refuse to join as a party plaintiff, such refusal would be fatal in any case to the right of the other parent to maintain the action. Plaintiff must fail, not because the father of the child executed a release to the railroad company but because alone she has no standing in court. It is an outrage on justice that she should be thus defeated at the very threshold of her case, but the fault is in the statute, not in the interpretation thereof by the courts. The Legislature should amend the statute to avoid a recurrence of such distressing miscarriages of justice.

The judgment is affirmed. All concur, *Ellison, J.,* in separate opinion.

## SEPARATE OPINION by ELLISON, J.

I concur solely on the ground that the question is decided by the Supreme Court in Clark v. Railroad, 219 Mo. 524. But for that decision I would have said the case came within the terms of section 544, Revised Statutes 1899, which provides that where one jointly interested in a cause of action with another, refuses to become a party plaintiff, he cannot thereby destroy the right of the other; the latter being authorized to prosecute the action by making him a defendant.

It is was argued that the case decided by the Supreme Court involved a question whether one of the two jointly interested has a right to make the other a party *plaintiff* without his consent, and that therefore it is not applicable to the case as it now stands, where the non-consenting party is made a defendant as provided by the statute. But it is apparent that the court decides that if one refuses to join as a plaintiff, the action cannot be maintained .